IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PATRICK STEWART,

        **Plaintiff,**

        v.                                    CASE NO. 25-3256-JWL

JEFF ZMUDA, et al.,

        **Defendants.**

**MEMORANDUM AND ORDER
TO SHOW CAUSE**

Plaintiff Patrick Stewart is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**I. Nature of the Matter before the Court**

Plaintiff filed this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is in custody at the Ellsworth Correctional Facility in Ellsworth, Kansas ("ECF"). The Court granted Plaintiff leave to proceed in forma pauperis and assessed an initial partial filing fee of $23.00, which was due by December 29, 2025, and has not yet been paid. (Doc. 4.)

Plaintiff alleges that he was given state-issued boots that were too narrow for his feet. (Doc. 1, at 5.) He first reported experiencing pain in his feet at his yearly medical visit around the end of June, 2025. *Id.* He said that his feet were hurting at the ball, and it felt like he was walking on a pebble under his second and third toes. (Doc. 1-1, at 10.) The doctor scheduled Plaintiff for x-rays. *Id.* He later received a letter stating that his x-rays were normal, and there was no need for further testing. *Id.* Plaintiff returned to the clinic on July 10, 2025, and Nurse Practitioner Howell

1

verified that the pain was from wearing the too-narrow boots. *Id*. at 10; Doc. 1, at 5. Howell told Plaintiff that the boots were causing inflammation of the nerves between the bones of his feet. *Id*.

On July 17 or 18, 2025, Plaintiff was called to the ECF clothing exchange and given the widest boots that they carried. *Id*. However, the boots were still too narrow. *Id*. Plaintiff immediately showed CSI Hoss that the new boots still did not fit. *Id*. Also on July 18, 2025, the medical clinic prescribed Diclofenac Sodium 1% gel, a medication of arthritis pain, for Plaintiff's foot pain. (Doc. 1-1, at 10.)

In addition to pain, Plaintiff experienced bruising of his big toes, the balls of his feet, and the outer edges of his feet, which he showed UTS Dieckmann on August 5, 2025. *Id*.; Doc. 1-1, at 12. Dieckmann responded, "This was documented and sent to the appropriate staff. Mrs. Hoss and A&D are currently going through the process down front to get some new boots ordered that'll fit better and correctly." (Doc. 1-1, at 12.) Plaintiff again complained to Dieckmann and showed her the bruising on September 29, 2025. *Id*. at 13. Dieckmann responded, "This was discussed with Mrs. Hoss. Your new boots should be given to you once they have a chance to get them into your property." *Id*.

Plaintiff was finally given boots that fit on October 2, 2025. *Id*. He states that he had to wear the too-small boots for 100 days after he first complained. *Id*.

Plaintiff brings a claim for deliberate indifference to his medical needs and cruel and unusual punishment under the Eighth Amendment. *Id*. at 3. He names the following defendants: Jeff Zmuda, Secretary of the Kansas Department of Corrections; Don Langford, warden of ECF; and Scott Hoss, CSI at ECF. For relief, Plaintiff seeks compensatory damages of $100 for each day he was forced to wear too-small boots and punitive damages in the form of special incentive pay comparable to the wages paid by Kansas Correctional Industries. *Id*. at 5.

**II. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a

3

claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

**III. DISCUSSION**

    **A. Eighth Amendment**

Plaintiff frames his claim as deliberate indifference to his medical needs. It may be that the Complaint is more properly considered to bring a conditions of confinement claim. In either case, however, the Eighth Amendment provides the standard.

The Eighth Amendment guarantees a prisoner the right to be free from cruel and unusual punishment. A prison official violates the Eighth Amendment when two requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Id*. To satisfy the objective component, a prisoner must allege facts showing he or she is "incarcerated under conditions posing a substantial risk of serious harm." *Id.*; *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005).

The Eighth Amendment requires prison and jail officials to provide humane conditions of confinement guided by "contemporary standards of decency." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). The Supreme Court has acknowledged that the Constitution "'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal citations omitted). Indeed, prison conditions may be "restrictive and even harsh." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "Under the Eighth Amendment, (prison) officials must provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001) (citation omitted).

The second requirement for an Eighth Amendment violation "follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" *Farmer*, 511 U.S. at 834. Prison officials must have a "sufficiently culpable state of mind," and in prison conditions or inadequate medical care cases that state of mind is "deliberate indifference" to inmate health or safety. *Id.* "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'" *Id.* It is not enough to establish that the official should have known of the risk of harm. *Id.*

Because the sufficiency of a conditions-of-confinement claim depends upon "the particular facts of each situation; the 'circumstances, nature, and duration' of the challenged conditions must be carefully considered." *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)). "While no single factor controls . . . the length of exposure to the conditions is often of prime importance." *Id.* As the severity of the conditions to which an inmate is exposed increases, the length of exposure required to make out a constitutional violation decreases. Accordingly, "minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations. . .' may meet the standard despite a shorter duration." *Id.* (citations omitted).

Delay in providing medical care does not violate the Eighth Amendment, unless there has been deliberate indifference resulting in substantial harm. *Olson v. Stotts*, 9 F.3d 1475 (10th Cir. 1993). In situations where treatment was delayed rather than denied altogether, the Tenth Circuit requires a showing that the inmate suffered "substantial harm" as a result of the delay. *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000) (citation omitted). "The substantial harm

requirement 'may be satisfied by lifelong handicap, permanent loss, or considerable pain.'" *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)).

Plaintiff does not demonstrate either the objective or subjective prong of an Eighth Amendment claim. He has not shown a sufficiently serious deprivation or that he was "incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. The facts as alleged by Plaintiff demonstrate a delay in care rather than a denial of care. It is clear that ECF officials worked to respond to Plaintiff's need and get him appropriate boots. Medical staff promptly confirmed the cause of his foot pain. Then, within a couple weeks of his original complaint of foot pain, Plaintiff was given the widest size of boot regularly carried by ECF. When that was not adequate, ECF officials worked to obtain wider boots. In the meantime, medical staff tried to ease Plaintiff's discomfort by prescribing a topical pain relief cream. The fact that it then took approximately 44 days for the proper boots to arrive and be given to Plaintiff does not demonstrate deliberate indifference on the part of the defendants, and the delay in receiving the boots did not result in any permanent injury. While the delay was certainly not ideal, the Court cannot find that Plaintiff was subjected to cruel and unusual punishment.

Plaintiff has failed to state a claim for violation of his Eighth Amendment rights. *See Henderson v. Sec'y of Corr.,* 518 F.2d 694, 695 (10th Cir. 1975) (finding neither the inadequacy of plaintiff's normal shoes nor the failure to provide him with corrective shoes as prescribed gave rise to a constitutional deprivation); *see also Ellibee v. Roberts*, No. 08-3189-SAC, 2009 WL 103639, at *1 (D. Kan. Jan. 14, 2009) (finding plaintiff's claim of being denied appropriately sized footwear failed to state a claim under § 1983 because it was not the type of extreme deprivation required for constitutional violation).

Plaintiff should show good cause why his Eighth Amendment claim should not be dismissed for failure to state a claim.

### B. Defendants

Plaintiff names the Secretary of the Kansas Department of Corrections and the warden of ECF as defendants. Plaintiff has failed to allege how these defendants personally participated in the claimed deprivation of his constitutional rights. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) ("But § 1983 imposes liability for a defendant's own actions—personal participation in the specific constitutional violation complained of is essential.") (citing *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.") (citation omitted)); *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's *direct personal responsibility* for the claimed deprivation . . . must be established.") (emphasis added) (citation omitted)). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated Plaintiff's federal constitutional rights.

Mere supervisory status is insufficient to create personal liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (supervisor status is not sufficient to create § 1983 liability). An

8

official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1476 n.4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995).  A plaintiff alleging supervisory liability must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 563 U.S. 960 (2011).  "[T]he factors necessary to establish a [supervisor's] § 1983 violation depend upon the constitutional provision at issue, including the state of mind required to establish a violation of that provision." *Id*. at 1204 (citing *Iqbal*, 129 S. Ct. at 1949).

Plaintiff's only allegations involving these defendants appear to relate to their denials of his grievances or failure to respond to his grievances.  The Tenth Circuit has held that "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citing *Whitington v. Ortiz,* 307 F. App'x 179, 193 (10th Cir. 2009) (unpublished); *Larson v. Meek,* 240 F. App'x 777, 780 (10th Cir. 2007) (unpublished); *see also Lomholt v. Holder,* 287 F.3d 683, 684 (8th Cir. 2002) (per curiam) ("[Plaintiff] failed to state First Amendment claims relating to his grievances . . . because defendants' denial of his grievances did not state a substantive constitutional claim.")).  Plaintiff has not adequately alleged any factual basis to support an "affirmative link" between these defendants and any alleged constitutional violation.  *See id*.  Plaintiff's claims against Defendants Zmuda and Langford are subject to dismissal.

### C. Punitive Damages

Plaintiff seeks punitive damages, which "are available only for conduct which is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Searles v. Van Bebber*, 251 F.3d 869, 879 (10th Cir. 2001) (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)).  Plaintiff presents no plausible basis for a claim of punitive damages because he alleges no facts whatsoever establishing that any defendant acted with a sufficiently culpable state of mind.  Plaintiff's request for punitive damages is subject to dismissal.

## IV. Motion

Plaintiff has filed a motion for appointment of counsel (Doc. 3.)  Plaintiff argues that being incarcerated severely limits his ability to seek legal counsel.  (Doc. 3, at 3.)  The Court has considered Plaintiff's motion for appointment of counsel.  There is no constitutional right to appointment of counsel in a civil case.  *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995).  "Rather, a court has discretion to *request* an attorney to represent a litigant who is proceeding in forma pauperis" in a civil case.  *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (emphasis added) (citing 28 U.S.C. § 1915(e)(1)).  In other words, if this motion is granted, it means only that the Court will request that an attorney volunteer to be appointed to represent Plaintiff at no cost to Plaintiff.  The Court cannot guarantee that an attorney will volunteer.  *See Rachel v. Troutt*, 820 F.3d 390, 396 (10th Cir. 2016) ("Courts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take a case.").

The decision whether to appoint counsel — meaning to request counsel to provide representation at no cost to Plaintiff — in a civil matter lies in the discretion of the district court.  *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).  The burden is on the applicant to convince

the court that there is sufficient merit to his claim to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to request volunteer counsel for Plaintiff, the Court has considered "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115. The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion.

## V. Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Failure to respond by the deadline may result in dismissal of this matter without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **February 17, 2026,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 3) is **denied**.

**IT IS FURTHER ORDERED** that the deadline for Plaintiff to pay the initial partial filing fee is extended to **February 17, 2026**.

**IT IS SO ORDERED**.

**Dated January 15, 2026, in Kansas City, Kansas.**

<u>**S/ John W. Lungstrum**</u><br>
**JOHN W. LUNGSTRUM**<br>
**UNITED STATES DISTRICT JUDGE**