**FILED**
**U.S. District Court**
**District of Kansas**
03/23/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

PATRICK STEWART,

    **Plaintiff,**

    **v.**                                      **CASE NO.  25-3256-JWL**

JEFF ZMUDA, et al.,

    **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983.  Plaintiff is in custody at the Ellsworth Correctional Facility in Ellsworth, Kansas ("ECF").  The Court granted Plaintiff leave to proceed in forma pauperis.  On January 15, 2026, the Court entered a Memorandum and Order to Show Cause (Doc. 5, "MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed for failure to state a claim.  This matter is before the Court on Plaintiff's Amended Complaint (Doc. 7) filed in response to the MOSC.

Plaintiff alleged in the original Complaint that he was given state-issued boots that were too narrow for his feet.  (Doc. 1, at 5.)  He first reported experiencing pain in his feet at his yearly medical visit around the end of June, 2025.  *Id*.  He said that his feet were hurting at the ball, and it felt like he was walking on a pebble under his second and third toes.  (Doc. 1-1, at 10.)  The doctor scheduled Plaintiff for x-rays.  *Id*.  He later received a letter stating that his x-rays were normal, and there was no need for further testing.  *Id*.  Plaintiff returned to the clinic on July 10, 2025, and Nurse Practitioner Howell verified that the pain was from wearing the too-narrow boots.  *Id*. at 10; Doc. 1, at 5.  Howell told Plaintiff that the boots were causing inflammation of the nerves

1

between the bones of his feet. *Id.*

On July 17 or 18, 2025, Plaintiff was called to the ECF clothing exchange and given the widest boots that they carried. *Id.* However, the boots were still too narrow. *Id.* Plaintiff immediately showed CSI Hoss that the new boots still did not fit. *Id.* Also on July 18, 2025, the medical clinic prescribed Diclofenac Sodium 1% gel, a medication of arthritis pain, for Plaintiff's foot pain. (Doc. 1-1, at 10.)

In addition to pain, Plaintiff experienced bruising of his big toes, the balls of his feet, and the outer edges of his feet, which he showed UTS Dieckmann on August 5, 2025. *Id.*; Doc. 1-1, at 12. Dieckmann responded, "This was documented and sent to the appropriate staff. Mrs. Hoss and A&D are currently going through the process down front to get some new boots ordered that'll fit better and correctly." (Doc. 1-1, at 12.) Plaintiff again complained to Dieckmann and showed her the bruising on September 29, 2025. *Id*. at 13. Dieckmann responded, "This was discussed with Mrs. Hoss. Your new boots should be given to you once they have a chance to get them into your property." *Id.*

Plaintiff was finally given boots that fit on October 2, 2025. *Id*. He states that he had to wear the too-small boots for 100 days after he first complained. *Id*.

Plaintiff's factual allegations do not change in the Amended Complaint (Doc. 7; "AC"), and he continues to bring a claim for deliberate indifference to his medical needs and cruel and unusual punishment under the Eighth Amendment. *Id*. at 10-17. However, he adds three defendants; in addition to Jeff Zmuda, Secretary of the Kansas Department of Corrections; Don Langford, warden of ECF; and Scott Hoss, CSI at ECF; Plaintiff names Darcie Holthaus, Secretary of Corrections Designee; Wendy Leiker, Health Services Administrator at ECF; and Nikki Howell, Nurse Practitioner at ECF. For relief, Plaintiff seeks compensatory and punitive damages of $100

from each defendant for 74 days and injunctive relief in the form of special incentive pay comparable to the wages paid by Kansas Correctional Industries. *Id*. at 18.

The Court found in the MOSC that Plaintiff did not demonstrate either the objective or subjective prong of an Eighth Amendment claim. He did not show a sufficiently serious deprivation or that he was "incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Plaintiff also did not show that prison officials had a "sufficiently culpable state of mind" – that they acted with "deliberate indifference" to his health or safety. *Id*.

The Court continues to find that the facts as alleged by Plaintiff demonstrate a delay in care rather than a denial of care. In situations where treatment was delayed rather than denied altogether, the Tenth Circuit requires a showing that the inmate suffered "substantial harm" as a result of the delay. *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000) (citation omitted). "The substantial harm requirement 'may be satisfied by lifelong handicap, permanent loss, or considerable pain.'" *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)).

It remains apparent from Plaintiff's allegations that none of the defendants demonstrated deliberate indifference. On the contrary, they worked to respond to Plaintiff's need and get him appropriate boots. Medical staff promptly confirmed the cause of his foot pain. Then, within a couple weeks of his original complaint of foot pain, Plaintiff was given the widest size of boot regularly carried by ECF. When that was not adequate, ECF officials worked to obtain wider boots. In the meantime, medical staff tried to ease Plaintiff's discomfort by prescribing a topical pain relief cream. The fact that it then took approximately 44 days for the proper boots to arrive and be given to Plaintiff does not demonstrate deliberate indifference on the part of the defendants,

3

and Plaintiff does not allege that the delay in receiving the boots resulted in any permanent injury. Plaintiff argues that he could have been given Crocs to wear while he waited for proper boots. He does not, however, allege that he requested Crocs. "The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'" *Farmer,* 511 U.S. at 837. While the delay Plaintiff experienced was not ideal, the Court cannot find that Plaintiff was subjected to cruel and unusual punishment.

Plaintiff has failed to state a claim for violation of his Eighth Amendment rights. *See Henderson v. Sec'y of Corr.,* 518 F.2d 694, 695 (10th Cir. 1975) (finding neither the inadequacy of plaintiff's normal shoes nor the failure to provide him with corrective shoes as prescribed gave rise to a constitutional deprivation); *see also Ellibee v. Roberts*, No. 08-3189-SAC, 2009 WL 103639, at *1 (D. Kan. Jan. 14, 2009) (finding plaintiff's claim of being denied appropriately sized footwear failed to state a claim under § 1983 because it was not the type of extreme deprivation required for constitutional violation).

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

Dated March 23, 2026, in Kansas City, Kansas.

S/  John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE

4