**FILED**
**U.S. District Court**
**District of Kansas**
04/16/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

PATRICK STEWART,

    **Plaintiff,**

    v.                         **CASE NO.  25-3256-JWL**

JEFF ZMUDA, et al.,

    **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  Plaintiff is in custody at the Ellsworth Correctional Facility in Ellsworth, Kansas ("ECF").   The Court granted Plaintiff leave to proceed in forma pauperis.  On January 15, 2026, the Court entered a Memorandum and Order to Show Cause (Doc. 5) ("MOSC") granting Plaintiff an opportunity to show good cause why his Complaint should not be dismissed for failure to state an Eighth Amendment claim. Plaintiff filed an Amended Complaint (Doc. 7) in response to the MOSC.  The Court screened the Amended Complaint and found that it did not cure the deficiencies noted in the MOSC and did not state a claim.  The Court entered a Memorandum and Order dismissing this case on March 23, 2026.  ("M&O," Doc. 8.)

This matter is before the Court on Plaintiff's Motion for Reconsideration (Doc. 10) filed on April 16, 2026.  Because Plaintiff's motion was filed within 28 days after the entry of the order of dismissal, the Court will treat it as a motion under Rule 59.  *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

1

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).  A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can  establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete*, 204 F.3d at 1012.  Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments."  *Id*. at 929 (citation omitted).  Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.  *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

In his motion for reconsideration, Plaintiff merely repeats arguments that he has already made or makes arguments that he could have previously made.  Plaintiff does not point to an intervening change in the law or to new evidence and has not demonstrated clear error or manifest injustice.  Plaintiff does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e).  *See Servants of the Paraclete*, 204 F.3d at 1012.

In sum, Plaintiff has failed to meet the standard required for this Court to alter or amend its March 23, 2026 Order and Judgment, and that ruling stands.

**IT IS THEREFORE ORDERED** that the Clerk is directed to reopen this case for purposes of entering this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 10) is **denied.**

**IT IS FURTHER ORDERED** that the Clerk is directed to close this case.

**IT IS SO ORDERED**.

**Dated April 16, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**